## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| BRIDGET CROUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-cv-1217 |
| | ) |
| STERICYCLE, LLC, | ) |
| | ) |
| Defendant. | ) |

### ORDER AND OPINION

This matter is now before the Court on Plaintiff Bridget Crouch's ("Plaintiff") Amended Motion for Leave to Proceed *in forma pauperis*. (D. 4). For the reasons stated herein, the Amended Motion for Leave to Proceed *in forma pauperis* is DENIED and Plaintiff's Complaint is DISMISSED.

### I.   LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As a result, it allows an indigent party to commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." § 1915(a). The motion requires the Court to make two determinations. First, the Court must decide whether Plaintiff is truly unable to pay the filing fee associated with this case. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1988). Second, the Court must dismiss any case where it is determined that the lawsuit is: (1) frivolous or

1

malicious; (2) fails to state a clam on which relief may be granted; or (3) seeks relief against a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

When evaluating whether a *pro se* plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view [ ] them in the light most favorable to the plaintiff." *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). A plaintiff need only give "'fair notice of what the . . . claim is and the grounds upon which it rests,'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and a *pro se* complaint is to be construed liberally and held to "less stringent standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. DISCUSSION

Here, the Court is satisfied from Crouch's Amended Motion for Leave to Proceed *in forma pauperis*, which was signed under penalty of perjury, that she is indigent. (*See* D. 4). The Complaint must be dismissed, however, because Couch has failed to show that she has received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), which is a pre-requisite to a lawsuit under Title VII, failed to timely file an EEOC charge for most of her claims, and the Complaint does not otherwise adequately plead any Title VII claim.

### A. Timeliness, Exhaustion, & Notice of Right to Sue Letter

"Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). In Illinois, this EEOC charge must be filed within

300 days of the allegedly unlawful employment practice. *See Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014) ("Title VII provides that a charge of employment discrimination must be filed with the EEOC within 300 days of the alleged unlawful employment practice, in deferral states like Illinois"). Failure to file a timely charge precludes a subsequent lawsuit under Title VII. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005).

"After doing so, a plaintiff filing suit in federal court 'may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Chaidez*, 937 F.3d at 1004 (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)). A claim is "like or reasonably related" when"(1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Chaidez*, 937 F.3d at 1004 (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (internal quotations omitted)) . The EEOC charge and complaint "must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Chaidez*, 937 F.3d at 1004 (quoting *Cheek*, 31 F.3d at 501).

Here, the EEOC charge was filed on March 5, 2025, and Couch states in the Complaint that she received a Notice of Right to Sue letter a week later, on March 12, 2025. (D. 1, p. 10). The Court is skeptical of this quick turnaround, and Couch has not provided the Notice of Right to Sue letter even though the *pro se* form Complaint for Employment Discrimination instructed her to do so. *Id.* Couch must provide her EEOC Notice of Right to Sue letter to proceed on her claims. *See Anderson v. United Airlines, Inc.*, 2025 WL 1621290, *3 (7th Cir. June 9, 2025) (quoting *Chaidez*, 937 F.3d at 1004).

Assuming Couch could amend her complaint and produce the Notice of Right to Sue Letter, the only claim that was timely filed in her EEOC charge relates to an occurrence on May 10, 2024. *See Bass*, 746 F.3d at 839 (the EEOC charge must have been filed within 300 days of the alleged discriminatory actions).[1] For the reasons stated below, that claim fails to meet the minimal pleading standards.

B. Analysis of Claim

Couch's EEOC charge fails to satisfy her exhaustion requirements with respect to a Title VII discrimination or retaliation claim, at least based upon anything that occurred on May 10, 2024. The Seventh Circuit has held that "while technicalities are particularly inappropriate in a statutory scheme like Title VII in which laymen, unassisted by trained lawyers, initiate the process, the requirement of some specificity in an EEOC charge is not a mere technicality." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1100 (7th Cir. 2013) (internal citation omitted). Further, a "brief and very general" EEOC charge cannot sustain subsequent claims for "*any* related conduct that took place in connection" with a plaintiff's employment.

Here, Couch's EEOC charge does not check any of the boxes for why she believes she was discriminated against. (*See* D. 1-1, p. 2). Then when explaining what occurred on May 10, 2024, Couch does not include any facts or information regarding alleged discrimination or retaliation based on grounds protected under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1) (Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or to otherwise discriminate against an individual" based upon that "individual's race, color, religion, sex, or national origin."). Rather, Couch's EEOC charge states, in relevant part:

> 5-10-24-Pekin had been flouting workplace safety requirements again by not marking any rooms for COVID despite occupants of multiple rooms hacking up their lungs. The company never provides PPE for dedicated precaution rooms, so

---

[1] May 9, 2024, is 300 days before March 5, 2025, when Couch's EEOC charge was filed.

> we are not supposed to enter - Pekin's 'solution' (and that of the CARLE system it belongs to) is to lie by never marking anything on collection day despite multiple notices. Upon my exiting the er, jordan ( white, female, long hair with badly bleached overlayer and dirt brown underlayer) followed to snottily belittle me for not giving the nurses whatever they want, safety be damned. "Doing my job" involves not infecting the patients by tracking isolation room germs into every other part of the hospital.

(D. 1-1, p. 2).

The Complaint also includes allegations that appear to be related to Couch's May 10, 2024, EEOC charge claim, but again does not allege any facts from which it could be inferred that she suffered retaliation or discrimination in violation of Title VII. Rather, based on the additional allegations included in her Complaint it appears that she was asked to leave the hospital on May 10, 2024, after getting into a fight with a nurse and taking prohibited videos in the emergency room. (*See* D. 1, p. 9). Couch's employment was then terminated several days later. *See id.* at pp. 9–10.

To assert a claim for employment discrimination, "a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristic." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Here, neither the EEOC charge nor the Complaint contain allegations from which it could be inferred that Couch was discriminated or retaliated against in violation of Title VII. Additionally, Couch's remaining claims that mention her gender/sex or religion were either not timely exhausted with the EEOC and the time to do so has now passed, are frivolous (*i.e.* the numerous allegations of unidentified individuals, on unidentified dates, at different hospitals "meowing" at her), or otherwise fail to state a claim on which relief can be granted.

For the reasons discussed above, and other examples not explicitly recited in this Order, the Court finds Couch's Complaint are either frivolous within the meaning 28 U.S.C.

§1915(e)(2)(B)(i) or failing to state a claim under 28 U.S.C. § 1915(e)(2)(ii). Due to the EEOC's timing and exhaustion requirements, the further Court finds that no attempt at amending the allegations in the Complaint to include more specific pleadings will remedy their defects. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

## CONCLUSION

For the reasons stated herein, Plaintiff's [4] Amended Motion for Leave to Proceed in *forma pauperis* is DENIED and the Complaint is DISMISSED with prejudice. This case is now TERMINATED. The Clerk of Court is DIRECTED to CLOSE this case.

ENTERED this 17th day of June 2025.

                                              /s/ Michael M. Mihm
                                                Michael M. Mihm
                                          United States District Judge